UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Trustees of the CHICAGO PLASTERING INSTITUTE PENSION TRUST, the CHICAGO PLASTERING INSTITUTE HEALTH AND WELFARE TRUST, the CHICAGO PLASTERING INSTITUTE RETIREMENT SAVINGS FUND, the JOURNEYMEN PLASTERERS' P. & B. SOCIETY LOCAL NO. 5 APPRENTICE FUND, and the CHICAGO PLASTERING INSTITUTE, by and through JOHN MANLEY and as agent for the CHICAGOLAND CONSTRUCTION SAFETY COUNCIL and the JOURNEYMEN PLASTERERS' PROTECTIVE AND BENEVOLENT SOCIETY OF CHICAGO LOCAL NO. 5,<br><br>            Plaintiffs,<br>    v.<br><br>ELITE PLASTERING CO., INC., d/b/a G AND J PLASTERING, an Illinois corporation,<br><br>            Defendant. | FILED<br>March 18, 2008    TG<br>08cv1575<br>Judge SHADUR<br>Magistrate Judge COX |

## **COMPLAINT**

1.   This is an action pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, as amended, and Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3) to collect delinquent employee benefit fund contributions and union dues.

### JURISDICTION AND VENUE

2.   This Court has subject matter jurisdiction over this matter pursuant to Section 301(c) of the LMRA and Section 502(e)(1) of ERISA, 29 U.S.C. §§ 185(c) and 1132(e)(1).

3.   Pursuant to Section 301(a) of the LMRA and Section 502(e)(2) of ERISA, 29 U.S.C. §§ 185(a) and 1132(e)(2), venue is proper in this district because the Funds are administered in

this judicial district and because Plaintiffs and Defendants are located within this judicial district.

## PARTIES

4. John Manley ("Manley") is a fiduciary and Trustee of the Chicago Plastering Institute Pension Trust, the Chicago Plastering Institute Health & Welfare Trust, the Chicago Plasterers Retirement Savings Fund, the Journeymen Plasterers' P. and B. Society Local No. 5 Apprentice Fund, and the Chicago Plastering Institute (collectively, the "Funds") and is an agent of the Journeymen Plasterers' Protective and Benevolent Society of Chicago Local No. 5 (the "Union") and the Chicagoland Construction Safety Council (collectively, with the Union and the Funds, the "Plaintiffs"). Manley is authorized under ERISA to bring this action. 29 U.S.C. §1132(a)(3).

5. The Funds are employee benefit trusts and/or plans within the meaning of ERISA Section 3(3), 29 U.S.C. § 1002(3).

6. The Union is a labor organization.

7. Defendant Elite Plastering Co., Inc. ("Elite") is an Illinois corporation and an employer engaged in the construction plastering business throughout northeastern Illinois under the name G and J Plastering. Elite is engaged in an industry affecting commerce, as defined by Section 301(a) of the LMRA, 29 U.S.C. §§ 152(6) and (7) and 185(a), and is an employer within the meaning of ERISA. 29 U.S.C. § 1002(5).

## CLAIM FOR RELIEF

8. Cork Plastering Co., Inc. ("Cork") is an Illinois corporation.

9. Prior to about April 3, 2006, Cork's corporate name was G&J Plastering Co., Inc., and Cork was engaged in the construction plastering business under such name throughout northeastern Illinois.

10. Cork was, at all relevant times prior to November 12, 2002, bound by one or more Collective Bargaining Agreements ("CBAs") with the Union.

11. In 2003, pursuant to ERISA and the Funds' Trust Agreements, Plaintiffs initiated an audit of Cork's business records for. the period April 1, 1993, through November 12, 2002 (the "Audit Period") to determine Cork's compliance with its obligations under the CBAs and ERISA.

12. After beginning the audit, Plaintiffs filed suit against Cork in the U.S. District Court for the Northern District of Illinois, case number 03-cv-6867 (the "Lawsuit"), seeking to compel Cork's compliance with its obligation to submit to the audit and to collect any delinquencies and damages revealed by the audit, together with all statutory and contractual relief pursuant to the CBAs, the Trust Agreements, the LMRA, and Sections 502(g)(2) and 515 of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1145.

13. On August 27, 2007, the Court issued its Findings of Facts and Conclusions of Law in the Lawsuit. The Court found that Cork had violated Section 515 of ERISA and Section 301 of the LMRA by failing to pay all required contributions to the Funds and by breaching the CBAs.

14. On November 14, 2007, the Court entered judgment in the Lawsuit in favor of Plaintiffs and against Cork in the total amount of $1,109,466.23. On November 15, 2007, the Court awarded Plaintiffs costs in the amount of $9,784.67. Plaintiffs' Petition for Attorneys Fees is still pending before the District Court.

15. Cork and Elite entered into an Asset Purchase Agreement effective April 3, 2006, pursuant to which Cork sold substantially all of its assets and rights in the business, including the right to do business under the name "G and J Plastering," substantially all of Cork's goodwill, Cork's business phone and fax numbers, and all of Cork's equipment, to Elite.

16. At all times since the close of the sale, a former manager, officer, and shareholder of Cork has managed the day-to-day business of Elite.

17. Substantially all of Cork's employee complement continued to work for Elite after the close of the sale.

18. Elite has continued Cork's operations without interruption or substantial change and is Cork's successor within the meaning of the LMRA and ERISA.

19. Elite had notice of Cork's liability to Plaintiffs for delinquent contributions, dues, and assessments, interest, liquidated damages, audit costs, and attorneys' fees and costs prior to the close of the sale.

20. As Cork's successor, Elite is primarily liable for Cork's violations of the CBA and or Section 515 of ERISA.

21. Pursuant to the LMRA and Sections 502(g)(2) and 515 of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1145, Defendant Elite is liable to the Funds and the Union for all delinquent contributions, dues, and assessments owed by Cork for the Audit Period, and for interest on the delinquent contributions, the greater of interest or statutory liquidated damages, audit costs, and attorneys' fees and costs.

**WHEREFORE,** Plaintiffs request that this Court grant the following relief:

(a) Enter judgment in Plaintiffs' favor and against Defendant for:

   i. all delinquent contributions at the applicable contribution rates that are owed for the Audit Period, plus union dues and assessments;

   ii. interest on the delinquent contributions to the Funds;

   iii. an amount equal to the greater of the interest on the delinquent contributions to the Funds or statutory liquidated damages of twenty percent

        (20%) of the delinquent contributions to the Funds at the applicable contribution rates; and

    iv. attorneys' fees and costs, including audit expenses, incurred by Plaintiffs in connection with this action.

(b) Retain jurisdiction of this cause pending compliance with its orders.

(c) Grant such further or different relief as this Court may deem proper and just.

        Respectfully submitted,

          s/ David Huffman-Gottschling
        One of Plaintiff's Attorneys

David Huffman-Gottschling
ARDC No. 6269976
Jacobs, Burns, Orlove, Stanton and Hernandez
122 S. Michigan Ave., Ste. 1720
Chicago, Illinois 60603

(312) 372-1646
davidhg@jbosh.com