UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| Trustee of the CHICAGO PLASTERING INSTITUTE PENSION TRUST, the CHICAGO PLASTERING INSTITUTE HEALTH AND WELFARE TRUST, the CHICAGO PLASTERING INSTITUTE RETIREMENT SAVINGS FUND, the JOURNEYMEN PLASTERERS' P. AND B. SOCIETY LOCAL NO. 5 APPRENTICE FUND, and the CHICAGO PLASTERING INSTITUTE, by and through JOHN MANLEY and as agent for the CHICAGOLAND CONSTRUCTION SAFETY COUNCIL and the JOURNEYMEN PLASTERERS' PROTECTIVE AND BENEVOLENT SOCIETY OF CHICAGO LOCAL NO. 5, <br><br>Plaintiffs, <br><br>v. <br><br>ELITE PLASTERING CO., INC., d/b/a G AND J PLASTERING, <br><br>Defendant. | NO. 08 CV 1575 <br><br>**JURY DEMANDED** |

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Elite Plastering Co., Inc. d/b/a G and J Plastering ("Elite"), by and through its attorneys, Garfield & Merel, Ltd., for its Answer to Plaintiffs' Complaint, states as follows:

### JURY DEMAND

Defendant hereby demands trial by jury pursuant to FRCP 38.

Complaint ¶1: This is an action pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, as amended, and Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132(a)(3) to collect delinquent employee benefit fund contributions and union dues.

**ANSWER:** Elite denies the allegations set forth in paragraph 1 of Plaintiffs' Complaint.

## JURISDICTION AND VENUE

<u>Complaint ¶2:</u>　　This Court has subject matter jurisdiction over this matter pursuant to Section 301(c) of the LMRA and Section 502(e)(1) of ERISA, 29 U.S.C. §§ 185(c) and 1132(e)(1).

<u>ANSWER:</u>　　Elite denies the allegations set forth in paragraph 2 of Plaintiffs' Complaint.

<u>Complaint ¶3:</u>　　Pursuant to Section 301(a) of the LMRA and Section 502(e)(2) of ERISA, 29 U.S.C. §§ 185(a) and 1132(e)(2), venue is proper in this district because the Funds are administered in this judicial district and because Plaintiffs and Defendants are located within this judicial district.

<u>ANSWER:</u>　　Elite lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in paragraph 3 of Plaintiffs' Complaint; therefore, Elite denies those allegations.

<u>Complaint ¶4:</u>　　John Manley ("Manley") is a fiduciary and Trustee of the Chicago Plastering Institute Pension Trust, the Chicago Plastering Institute Health & Welfare Trust, the Chicago Plasterers Retirement Savings Fund, the Journeymen Plasterers' P. and B. Society Local No. 5 Apprentice Fund, and the Chicago Plastering Institute (collectively, the "Funds") and is an agent of the Journeymen Plasterers' Protective and Benevolent Society of Chicago Local No. 5 (the "Union") and the Chicagoland Construction Safety Council (collectively, with the Union and the Funds, the "Plaintiffs"). Manley is authorized under ERISA to bring this action. 29 U.S.C. §1132(a)(3).

<u>ANSWER:</u>　　Elite lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in paragraph 4 of Plaintiffs' Complaint; therefore, Elite denies those allegations.

<u>Complaint ¶5:</u>　　The Funds are employee benefit trust and/or plans within the meaning of ERISA Section 3(3), 29 U.S.C. § 1002(3).

<u>ANSWER:</u>　　Elite lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in paragraph 5 of Plaintiffs' Complaint; therefore, Elite denies those allegations.

<u>Complaint ¶6:</u>　　The Union is a labor organization.

**ANSWER:** Elite lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in paragraph 6 of Plaintiffs' Complaint; therefore, Elite denies those allegations.

<u>Complaint ¶7</u>: Defendant Elite Plastering Co., Inc. ("Elite") is an Illinois corporation and an employee engaged in the construction plastering business throughout northeaster Illinois under the name G and J Plastering. Elite is engaged in an industry affecting commerce, as defined by Section 301(a) of the LMRA, 29 U.S.C. §§ 152(6) and (7) and 185(a), and is an employer within the meaning of ERISA. 29 U.S.C. § 1002(5).

**ANSWER:** Elite admits that Elite Plastering is an Illinois corporation engaged in the construction business and that it does business under the registered assumed name "G and J Plastering." Elite denies all remaining allegations set forth in paragraph 7 of Plaintiffs' Complaint.

## CLAIMS FOR RELIEF

<u>Complaint ¶8</u>: Cork Plastering Co., Inc. ("Cork") is an Illinois corporation.

**ANSWER:** Elite lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in paragraph 8 of Plaintiffs' Complaint; therefore, Elite denies those allegations.

<u>Complaint ¶9</u>: Prior to about April 3, 2006, Cork's corporate name was G&J Plastering Co., Inc., and Cork was engaged in the construction plastering business under such name throughout northeastern Illinois.

**ANSWER:** Elite lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in paragraph 9 of Plaintiffs' Complaint; therefore, Elite denies those allegations.

<u>Complaint ¶10</u>: Cork was, at all relevant times prior to November 12, 2002, bound by one or more Collective Bargaining Agreement ("CBAs") with the Union.

**ANSWER:** Elite lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in paragraph 10 of Plaintiffs' Complaint; therefore, Elite denies those allegations.

<u>Complaint ¶11:</u> In 2003, pursuant to ERISA, and the Funds' Trust Agreements, Plaintiffs initiated an audit of Cork's business records for the period April 1, 1993, through November 12, 2002 (the "Audit Period") to determine Cork's compliance with its obligations under the CBAs and ERISA.

**ANSWER:** Elite lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in paragraph 11 of Plaintiffs' Complaint; therefore, Elite denies those allegations.

<u>Complaint ¶12:</u> After beginning the audit, Plaintiffs filed suit against Cork in the U.S. District Court for the Northern District of Illinois, case number 03-cv-6367 (the "Lawsuit"), seeking to compel Cork's compliance with its obligation to submit to the audit and to collect any delinquencies and damages revealed by the audit, together will all statutory and contractual relief pursuant to the CBAs, the Trust Agreements, the LMRA, and Sections 502(g)(2), and 515 of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1145.

**ANSWER:** Elite lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in paragraph 12 of Plaintiffs' Complaint; therefore, Elite denies those allegations.

<u>Complaint ¶13:</u> On August 27, 2007, the Court issued its Findings of Facts and Conclusions of Law in the Lawsuit. The Court found that Cork had violated Section 515 of ERISA and Section 301 of the LMRA by failing to pay all required contributions to the Funds and by breaching the CBAs.

**ANSWER:** Elite lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in paragraph 13 of Plaintiffs' Complaint; therefore, Elite denies those allegations.

<u>Complaint ¶14:</u> On November 14, 2007, the Court entered judgment in the Lawsuit in favor of Plaintiffs and against Cork in the total amount of $1,109,466.23. Plaintiffs' Petition for Attorney Fees is still pending before the District Court.

S:\COPPO\ELITE\ANSWER TO COMPLAINT

4

**ANSWER:** Elite lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in paragraph 4 of Plaintiffs' Complaint; therefore, Elite denies those allegations.

Complaint ¶15: Cork and Elite entered into an Asset Purchase Agreement effective April 3, 2006, pursuant to which Cork sold substantially all of its assets and rights in the business, including the right to do business under the name "G and J Plastering," substantially all of Cork's goodwill, Cork's business phone and fax numbers, and all of Cork's equipment, to Elite.

**ANSWER:** Elite admits that it entered into an Asset Purchase Agreement with G&J Plastering, Inc. dated April 3, 2006, pursuant to which it purchased specific assets described in the Agreement, including the right to do business as "G&J Plastering", goodwill, phone numbers and equipment. Elite denies all remaining allegations set forth in paragraph 15 of Plaintiffs' Complaint.

Complaint ¶16: At all times since the close of the sale, a former manager, officer, and shareholder of Cork has managed the day-to-day business of Elite.

**ANSWER:** Elite admits that a former employee of G&J Plastering, Inc. was retained by Elite to assist in managing Elite's business operations. Elite denies all remaining allegations set forth in paragraph 16 of Plaintiffs' Complaint.

Complaint ¶17: Substantially all of Cork's employee compliment continued to work for Elite after the close of the sale.

**ANSWER:** Elite denies the allegations set forth in paragraph 17 of Plaintiffs' Complaint.

Complaint ¶18: Elite has continued Cork's operations without interruption or substantial change and is Cork's successor within the meaning of the LMRA and ERISA.

**ANSWER:** Elite denies the allegations set forth in paragraph 18 of Plaintiffs' Complaint.

Complaint ¶19: Elite had notice of Cork's liability to Plaintiffs for delinquent contributions, dues, and assessments, interest, liquidated damages, audit costs, and attorneys' fees and costs prior to the close of the sale.

**ANSWER:** Elite denies the allegations set forth in paragraph 19 of Plaintiffs' Complaint.

Complaint ¶20: As Cork's successor, Elite is primarily liable for Cork's violations of the CBA and/or Section 515 of ERISA.

**ANSWER:** Elite denies the allegations set forth in paragraph 20 of Plaintiffs' Complaint.

Complaint ¶21: Pursuant to the LMRA and Sections 502(g)(2) and 515 of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1145, Defendant Elite is liable to the Funds and the Union for all delinquent contributions, dues, and assessments owed by Cork for the Audit period, and for interest on the delinquent contributions, the greater of interest or statutory liquidated damages, audit costs, and attorneys' fees and costs.

**ANSWER:** Elite denies the allegations set forth in paragraph 21 of Plaintiffs' Complaint.

WHEREFORE, Defendant Elite Plastering Co., Inc. d/b/a G and J Plastering prays that this Court enter judgment in its favor and against Plaintiffs, and for such other relief as this Court deems just and equitable.

## AFFIRMATIVE DEFENSES

Defendant, Elite Plastering Co., Inc. d/b/a G and J Plastering ("Elite"), by and through its attorneys, Garfield & Merel, Ltd., for its Affirmative Defenses to Plaintiffs' Complaint, states as follows:

1. Plaintiffs' claims are barred by the applicable statute of limitations.

2. Plaintiffs' claims are barred by the doctrine of laches.

3. Defendant is not a party to, nor beneficiary of, any collective bargaining or other agreement with Plaintiffs and, therefore, Plaintiffs are barred from recovery.

4. Defendant had no actual or constructive knowledge of Plaintiff's claims against Cork at any time prior to the execution of the Asset Purchase Agreement.

          ELITE PLASTERING CO., INC.
          d/b/a G AND J PLASTERING

By: _____
        One of its attorneys

Gregory A. McCormick
GARFIELD & MEREL, LTD.
223 W. Jackson Blvd., Suite 1010
Chicago, IL 60606
(312) 288-0105
ARDC No. 6201621

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

Trustee of the CHICAGO PLASTERING )
INSTITUTE PENSION TRUST, the )
CHICAGO PLASTERING INSTITUTE )
HEALTH AND WELFARE TRUST, the )
CHICAGO PLASTERING INSTITUTE )
RETIREMENT SAVINGS FUND, the )
JOURNEYMEN PLASTERERS' P. AND B. )
SOCIETY LOCAL NO. 5 APPRENTICE )
FUND, and the CHICAGO PLASTERING )
INSTITUTE, by and through JOHN MANLEY )
and as agent for the CHICAGOLAND )
CONSTRUCTION SAFETY COUNCIL and )
the JOURNEYMEN PLASTERERS' )
PROTECTIVE AND BENEVOLENT )
SOCIETY OF CHICAGO LOCAL NO. 5, )
                                               )
        Plaintiffs, )
                                               ) NO. 08 CV 1575
v. )
                                               )
ELITE PLASTERING CO., INC., d/b/a )
G AND J PLASTERING, ) **JURY DEMANDED**
                                               )
        Defendant. )

## NOTICE OF FILING

TO:    See attached Service List

    **PLEASE TAKE NOTICE** that on the 8th day of April, 2008, the undersigned has caused to be filed with the Clerk of the above-named Court, Defendant **Elite Plastering Company, Inc.'s Answer to Plaintiffs' Complaint,** a copy of which is herewith served upon you.

                                          ELITE PLASTERING CO., INC.
                                          d/b/a G AND J PLASTERING

                                           By: /s/ *[signature]*
                                                     One of its attorneys

Gregory A. McCormick
GARFIELD & MEREL, LTD.
Suite 1010
223 W. Jackson Blvd.
Chicago, IL. 60606
(312) 288-0105
ARDC No. 6201621

SCOPPO4.LITE:NOF

STATE OF ILLINOIS )
) SS.:
COUNTY OF COOK )

### CERTIFICATE OF SERVICE

I, Stella De Genova, a non-attorney, on oath state I served the foregoing Notice and Answer to the persons named below by electronic mail, to the address listed, before 5:00 p.m. on this 8th day of April, 2008.

_____
Stella De Genova

SUBSCRIBED and SWORN to before me this 8th day of April, 2008.

_____
Notary Public

"OFFICIAL SEAL"
Carrie A. Engelmann
Notary Public, State of Illinois
My Commission Expires Jan. 28, 2009

### SERVICE LIST

David George Huffman Gottschling
Jacobs, Burns, Orlove, Stanton & Hernandez
122 S. Michigan Avenue, Suite 1720
Chicago, IL 60603-2002
(312) 372-3443
Fax: (312) 580-7175
Email: davidhg@jbosh.com
*Lead Attorney*

Brandon Michael Anderson
Jacobs, Burns, Orlove, Stanton & Hernandez
122 S. Michigan Avenue, Suite 1720
Chicago, IL 60603-2002
(312) 372-3427
Fax: (312) 580-7175
Email: banderson@jbosh.com

Sherrie E. Voyles
Jacobs, Burns, Orlove, Stanton & Hernandez
122 S. Michigan Avenue, Suite 1720
Chicago, IL 60603-2002
(312) 372-1646
Fax: (312) 580-7175
Email: svoyles@jbosh.com

SCOPPO:ELITE:CERT OF SRVC