IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TRUSTEE OF THE CHICAGO PLASTERING   )
INSTITUTE PENSION TRUST, et al.,    )
                                    )
            Plaintiffs,             )
                                    )
   v.                               )   No.  08 C 1575
                                    )
ELITE PLASTERING CO., INC., etc.,   )
                                    )
            Defendant.              )

## MEMORANDUM ORDER

Elite Plastering Co., Inc. ("Elite") has just filed its Answer to the Complaint in this ERISA collection action.  This memorandum order is issued sua sponte because the deficiencies in that responsive pleading require Elite's counsel to return to the drawing board.

To begin with, some aspects of the Answer cannot be accepted because of their likely noncompliance with the requirement of good faith that is imposed on every pleader (and every pleader's lawyer) under Fed. R. Civ. P. ("Rule") 11(b).  Without seeking to be exhaustive, this Court notes the denials in Answer ¶¶2 and 6, and perhaps in Answer ¶1 as well--and there may be more.  When the Amended Answer required by this memorandum order is drafted, then, Elite's counsel is expected to scrutinize with care every outright denial sought to be made under the first sentence of Rule 8(b).

Next, the Answer is chock-full (Answer ¶¶3-6 and 8-14) of disclaimers that, although they track the formulation in Rule

8(b)'s second sentence, are then followed by "therefore, Elite denies those allegations." That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation then proceed to <u>deny</u> it in accordance with Rule 11(b)? Accordingly the quoted phrase is stricken from each of those paragraphs of the Answer.

Finally,[1] Elite's first two affirmative defenses (asserting the statute of limitations and laches) are skeletal in form, not in compliance with the concept of notice pleading that applies to federal defendants as well as federal plaintiffs. If those defenses are sought to be advanced in the Amended Answer, they must be fleshed out in a manner that informs both plaintiffs' counsel and this Court of the basis for Elite's contentions in those respects.

For the reasons stated here, the Answer is stricken in its entirety. Elite is granted leave to file a self-contained Amended Answer on or before April 22, 2008. No charge is to be made to Elite by its counsel for the added work and expense incurred in correcting counsel's errors. Elite's counsel are ordered to apprise their client to that effect by letter, with a

---

[1] "Finally" should be read as referring only to the matters set out in this memorandum order, which are not necessarily exhaustive. It is not really this Court's responsibility to monitor a lawyer's compliance with basic principles of federal pleading.

copy to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
                Milton I. Shadur
                Senior United States District Judge

Date:  April 10, 2008