UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| Trustee of the CHICAGO PLASTERING INSTITUTE PENSION TRUST, the CHICAGO PLASTERING INSTITUTE HEALTH AND WELFARE TRUST, the CHICAGO PLASTERING INSTITUTE RETIREMENT SAVINGS FUND, the JOURNEYMEN PLASTERERS' P. AND B. SOCIETY LOCAL NO. 5 APPRENTICE FUND, and the CHICAGO PLASTERING INSTITUTE, by and through JOHN MANLEY and as agent for the CHICAGOLAND CONSTRUCTION SAFETY COUNCIL and the JOURNEYMEN PLASTERERS' PROTECTIVE AND BENEVOLENT SOCIETY OF CHICAGO LOCAL NO. 5,<br><br>Plaintiffs,<br><br>v.<br><br>ELITE PLASTERING CO., INC., d/b/a G AND J PLASTERING,<br><br>Defendant. | NO. 08 CV 1575<br><br>**JURY DEMANDED** |

## DEFENDANT'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Elite Plastering Co., Inc. d/b/a G and J Plastering ("Elite"), by and through its attorneys, Garfield & Merel, Ltd., for its Amended Answer to Plaintiffs' Complaint, states as follows:

### JURY DEMAND

Defendant hereby demands trial by jury pursuant to FRCP 38.

Complaint ¶1: This is an action pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, as amended, and Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132(a)(3) to collect delinquent employee benefit fund contributions and union dues.

**ANSWER:** Elite admits that this action arises from a judgment obtained in favor of Plaintiffs against "Cork Plastering, Inc. f/k/a G&J Plastering, Inc.", in a separate action that arose from Section 301 of the LMRA and Section 502(a)(3) of ERISA to collect delinquent union fund contributions. Since Plaintiff's Complaint purportedly seeks successor liability against Elite under federal common law, and Elite is not a signatory or party to any collective bargaining agreement or employee benefit plan with Plaintiffs, Plaintiff denies the remaining allegations set forth in paragraph 1 of Plaintiffs' Complaint.

### JURISDICTION AND VENUE

Complaint ¶2: This Court has subject matter jurisdiction over this matter pursuant to Section 301(c) of the LMRA and Section 502(e)(1) of ERISA, 29 U.S.C. §§ 185(c) and 1132(e)(1).

**ANSWER:** Elite admits that this Court has subject matter jurisdiction over this matter pursuant to the application of federal common law successor liability for claims to collect previous judgments under Section 301(c) of the LMRA and Section 502(e)(1) of ERISA. Since Plaintiff's Complaint purportedly seeks successor liability against Elite under federal common law, and ERISA does not specifically confer federal jurisdiction over actions to collect previously obtained ERISA judgments, Plaintiff denies the remaining allegations set forth in paragraph 1 of Plaintiffs' Complaint.

Complaint ¶3: Pursuant to Section 301(a) of the LMRA and Section 502(e)(2) of ERISA, 29 U.S.C. §§ 185(a) and 1132(e)(2), venue is proper in this district because the Funds are administered in this judicial district and because Plaintiffs and Defendants are located within this judicial district.

**ANSWER:** Elite lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Plaintiff's location and administration of the Funds set forth in paragraph 3 of Plaintiffs' Complaint, since Elite has no personal knowledge of the location of Plaintiff or the

administration of the Funds. Elite admits that Defendant is located in this judicial district and that venue is proper in this judicial district.

> Complaint ¶4: John Manley ("Manley") is a fiduciary and Trustee of the Chicago Plastering Institute Pension Trust, the Chicago Plastering Institute Health & Welfare Trust, the Chicago Plasterers Retirement Savings Fund, the Journeymen Plasterers' P. and B. Society Local No. 5 Apprentice Fund, and the Chicago Plastering Institute (collectively, the "Funds") and is an agent of the Journeymen Plasterers' Protective and Benevolent Society of Chicago Local No. 5 (the "Union") and the Chicagoland Construction Safety Council (collectively, with the Union and the Funds, the "Plaintiffs"). Manley is authorized under ERISA to bring this action. 29 U.S.C. §1132(a)(3).

**ANSWER:** Elite lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in paragraph 4 of Plaintiffs' Complaint.

> Complaint ¶5: The Funds are employee benefit trust and/or plans within the meaning of ERISA Section 3(3), 29 U.S.C. § 1002(3).

**ANSWER:** Elite lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in paragraph 5 of Plaintiffs' Complaint.

> Complaint ¶6: The Union is a labor organization.

**ANSWER:** Since Elite is not a signatory to any collective bargaining agreement with the Union, Elite lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in paragraph 6 of Plaintiffs' Complaint.

> Complaint ¶7: Defendant Elite Plastering Co., Inc. ("Elite") is an Illinois corporation and an employer engaged in the construction plastering business throughout northeastern Illinois under the name G and J Plastering. Elite is engaged in an industry affecting commerce, as defined by Section 301(a) of the LMRA, 29 U.S.C. §§ 152(6) and (7) and 185(a), and is an employer within the meaning of ERISA. 29 U.S.C. § 1002(5).

**ANSWER:** Elite admits that Elite Plastering is an Illinois corporation engaged in the construction and plastering business in northeastern Illinois, that such industry affects commerce and that it does business under the registered assumed name "G and J Plastering." Elite is not a

party or signatory to any collective bargaining agreement or employee benefit plan with Plaintiffs and therefore denies all remaining allegations set forth in paragraph 7 of Plaintiffs' Complaint.

## CLAIMS FOR RELIEF

<u>Complaint ¶8:</u>   Cork Plastering Co., Inc. ("Cork") is an Illinois corporation.

**ANSWER:**   Elite lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in paragraph 8 of Plaintiffs' Complaint.

<u>Complaint ¶9:</u>   Prior to about April 3, 2006, Cork's corporate name was G&J Plastering Co., Inc., and Cork was engaged in the construction plastering business under such name throughout northeastern Illinois.

**ANSWER:**   Elite admits that it was advised by G&J Plastering at the time of the purchase of G&J's assets by Elite that G&J Plastering Co., Inc. was a corporation engaged in the construction plastering business in northeastern Illinois operating under such name prior to the sale of its assets to Elite. Since Cork was not a party to any agreement with Elite, Elite lacks any information regarding Cork and therefore lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations set forth in paragraph 9 of Plaintiffs' Complaint.

<u>Complaint ¶10:</u>   Cork was, at all relevant times prior to November 12, 2002, bound by one or more Collective Bargaining Agreement ("CBAs") with the Union.

**ANSWER:**   Elite lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in paragraph 10 of Plaintiffs' Complaint.

<u>Complaint ¶11:</u>   In 2003, pursuant to ERISA, and the Funds' Trust Agreements, Plaintiffs initiated an audit of Cork's business records for the period April 1, 1993, through November 12, 2002 (the "Audit Period") to determine Cork's compliance with its obligations under the CBAs and ERISA.

**ANSWER:** Elite lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in paragraph 11 of Plaintiffs' Complaint.

<u>Complaint ¶12:</u> After beginning the audit, Plaintiffs filed suit against Cork in the U.S. District Court for the Northern District of Illinois, case number 03-cv-6367 (the "Lawsuit"), seeking to compel Cork's compliance with its obligation to submit to the audit and to collect any delinquencies and damages revealed by the audit, together will all statutory and contractual relief pursuant to the CBAs, the Trust Agreements, the LMRA, and Sections 502(g)(2), and 515 of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1145.

**ANSWER:** Elite admits that Plaintiffs filed suit against G&J Plastering, Inc in the U.S. District Court for the Northern District of Illinois, case number 03-cv-6367, seeking an audit, damages and to collect delinquent pension fund contributions pursuant to CBA's, the LMRA and ERISA. Elite denies that it had any knowledge of the Lawsuit or Plaintiff's claims against G&J or Cork at any time prior to its purchase of the assets of G&J Plastering and lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations set forth in paragraph 12 of Plaintiffs' Complaint.

<u>Complaint ¶13:</u> On August 27, 2007, the Court issued its Findings of Facts and Conclusions of Law in the Lawsuit. The Court found that Cork had violated Section 515 of ERISA and Section 301 of the LMRA by failing to pay all required contributions to the Funds and by breaching the CBAs.

**ANSWER:** Elite lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in paragraph 13 of Plaintiffs' Complaint.

<u>Complaint ¶14:</u> On November 14, 2007, the Court entered judgment in the Lawsuit in favor of Plaintiffs and against Cork in the total amount of $1,109,466.23. Plaintiffs' Petition for Attorney Fees is still pending before the District Court.

**ANSWER:** Elite admits that it was advised by counsel for Cork that a judgment was entered against Cork in favor of Plaintiffs in the Lawsuit and lacks sufficient knowledge and information

to form a belief as to the truth of the remaining allegations set forth in paragraph 4 of Plaintiffs' Complaint.

 Complaint ¶15: Cork and Elite entered into an Asset Purchase Agreement effective April 3, 2006, pursuant to which Cork sold substantially all of its assets and rights in the business, including the right to do business under the name "G and J Plastering," substantially all of Cork's goodwill, Cork's business phone and fax numbers, and all of Cork's equipment, to Elite.

**ANSWER:** Elite admits that it entered into an Asset Purchase Agreement with "G&J Plastering, Inc." dated April 3, 2006, pursuant to which Elite purchased specific assets of G&J Plastering described in the Agreement, including the right to do business as "G&J Plastering", goodwill, phone and fax numbers and equipment. Elite denies all remaining allegations set forth in paragraph 15 of Plaintiffs' Complaint, since it did not enter into any agreement with Cork.

 Complaint ¶16: At all times since the close of the sale, a former manager, officer, and shareholder of Cork has managed the day-to-day business of Elite.

**ANSWER:** Elite admits that a former employee and officer of G&J Plastering, Inc. was retained by Elite to assist in managing Elite's business operations after the sale. Elite denies all remaining allegations set forth in paragraph 16 of Plaintiffs' Complaint.

 Complaint ¶17: Substantially all of Cork's employee compliment continued to work for Elite after the close of the sale.

**ANSWER:** Elite denies the allegations set forth in paragraph 17 of Plaintiffs' Complaint.

 Complaint ¶18: Elite has continued Cork's operations without interruption or substantial change and is Cork's successor within the meaning of the LMRA and ERISA.

**ANSWER:** Elite denies the allegations set forth in paragraph 18 of Plaintiffs' Complaint.

 Complaint ¶19: Elite had notice of Cork's liability to Plaintiffs for delinquent contributions, dues, and assessments, interest, liquidated damages, audit costs, and attorneys' fees and costs prior to the close of the sale.

**ANSWER:** Elite had no actual or constructive notice of any actual or claimed liability of Cork or G&J Plastering to Plaintiff prior to or at the time of the close of Elite's purchase of the assets of G&J Plastering and therefore denies the allegations set forth in paragraph 19 of Plaintiffs' Complaint.

Complaint ¶20: As Cork's successor, Elite is primarily liable for Cork's violations of the CBA and/or Section 515 of ERISA.

**ANSWER:** Elite denies that it had notice of Plaintiff's claims against Cork prior to its purchase of the assets of G&J Plastering and denies that there was substantial continuity of G&J's business after the acquisition; therefore, Elite denies that it is Cork's successor under applicable federal common law or otherwise and therefore denies the allegations set forth in paragraph 20 of Plaintiffs' Complaint.

Complaint ¶21: Pursuant to the LMRA and Sections 502(g)(2) and 515 of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1145, Defendant Elite is liable to the Funds and the Union for all delinquent contributions, dues, and assessments owed by Cork for the Audit period, and for interest on the delinquent contributions, the greater of interest or statutory liquidated damages, audit costs, and attorneys' fees and costs.

**ANSWER:** Elite denies the allegations set forth in paragraph 21 of Plaintiffs' Complaint.

WHEREFORE, Defendant Elite Plastering Co., Inc. d/b/a G and J Plastering prays that this Court enter judgment in its favor and against Plaintiffs, and for such other relief as this Court deems just and equitable.

### AFFIRMATIVE DEFENSES

Defendant, Elite Plastering Co., Inc. d/b/a G and J Plastering ("Elite"), by and through its attorneys, Garfield & Merel, Ltd., for its Affirmative Defenses to Plaintiffs' Complaint, states as follows:

1. Plaintiffs' separate Complaint in Case No. 03-cv-6367 sought collection of unpaid pension fund contributions applicable for the period from October 1, 1993 through November 12, 2002. Plaintiff's complaint herein purports to be a claim to collect delinquent contributions to employee benefit plans pursuant to ERISA and LMRA. To the extent Plaintiff's Complaint seeks direct liability against Elite under ERISA and LMRA based on the CBA's (to which Elite was not a party), its claims, or portions thereof, for audit periods more than five (5) years prior to the filing of Plaintiff's Complaint, are barred by the applicable analogous Illinois statute of limitations for breach of implied contract.

2. To the extent Plaintiff's complaint alleges direct, rather than successor, liability against Elite for delinquent contributions under ERISA and/or LMRA, Plaintiff's claims are barred since Elite is not a party to, nor signatory or beneficiary of, any collective bargaining agreement, employee benefit plan or other contract or agreement with Plaintiffs.

                                      ELITE PLASTERING CO., INC.
                                      d/b/a G AND J PLASTERING

                                      By: /s/ [signature]
                                              One of its attorneys

Gregory A. McCormick
GARFIELD & MEREL, LTD.
223 W. Jackson Blvd., Suite 1010
Chicago, IL 60606
(312) 288-0105
ARDC No. 6201621

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

Trustee of the CHICAGO PLASTERING )
INSTITUTE PENSION TRUST, the )
CHICAGO PLASTERING INSTITUTE )
HEALTH AND WELFARE TRUST, the )
CHICAGO PLASTERING INSTITUTE )
RETIREMENT SAVINGS FUND, the )
JOURNEYMEN PLASTERERS' P. AND B. )
SOCIETY LOCAL NO. 5 APPRENTICE )
FUND, and the CHICAGO PLASTERING )
INSTITUTE, by and through JOHN MANLEY )
and as agent for the CHICAGOLAND )
CONSTRUCTION SAFETY COUNCIL and )
the JOURNEYMEN PLASTERERS' )
PROTECTIVE AND BENEVOLENT )
SOCIETY OF CHICAGO LOCAL NO. 5, )
                                                     )
            Plaintiffs, )
                                                     )              NO. 08 CV 1575
   v.                                        )
                                                     )
ELITE PLASTERING CO., INC., d/b/a )
G AND J PLASTERING, )               **JURY DEMANDED**
                                                     )
            Defendant. )

## NOTICE OF FILING

TO:    See attached Service List

     **PLEASE TAKE NOTICE** that on the 15th day of April, 2008, the undersigned has caused to be filed with the Clerk of the above-named Court, Defendant **Elite Plastering Company, Inc.'s AMENDED Answer to Plaintiffs' Complaint,** a copy of which is herewith served upon you.

                                                         ELITE PLASTERING CO., INC.
                                                         d/b/a G AND J PLASTERING

                                                         By: _____
                                                             One of its attorneys

SCOPPO\ELITE\NOF

Gregory A. McCormick
GARFIELD & MEREL, LTD.
Suite 1010
223 W. Jackson Blvd.
Chicago, IL 60606
(312) 288-0105
ARDC No. 6201621

STATE OF ILLINOIS   )
                    )  SS.:
COUNTY OF COOK      )

## CERTIFICATE OF SERVICE

I, Gregory A. McCormick, on oath state I served the foregoing Notice and Answer to the persons named below by electronic filing, before 5:00 p.m. on this 15th day of April, 2008.

_____
Gregory A. McCormick

SUBSCRIBED and SWORN to before me
this ___ day of April, 2008.

_____
Notary Public

### SERVICE LIST

David George Huffman Gottschling
Jacobs, Burns, Orlove, Stanton & Hernandez
122 S. Michigan Avenue, Suite 1720
Chicago, IL 60603-2002
(312) 372-3443
Fax: (312) 580-7175
Email: davidhg@jbosh.com
*Lead Attorney*

Brandon Michael Anderson
Jacobs, Burns, Orlove, Stanton & Hernandez
122 S. Michigan Avenue, Suite 1720
Chicago, IL 60603-2002
(312) 372-3427
Fax: (312) 580-7175
Email: banderson@jbosh.com

Sherrie E. Voyles
Jacobs, Burns, Orlove, Stanton & Hernandez
122 S. Michigan Avenue, Suite 1720
Chicago, IL 60603-2002
(312) 372-1646
Fax: (312) 580-7175
Email: svoyles@jbosh.com